90/08-5835.DU

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RONALD MCINTYRE,                     )
                                     )
            Plaintiff,               )        Case No.
                                     )
v.                                   )        Hon. Judge
                                     )
WILLIAM LYLES SR., *et al.*,         )        Magistrate Judge
                                     )
            Defendants.              )

```
FILED: MARCH 28, 2008
08CV1796    RCC
JUDGE BUCKLO
MAGISTRATE JUDGE DENLOW
```

### NOTICE OF REMOVAL

NOW COME the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and THE VILLAGE OF BROADVIEW, individually, by and through one of their attorneys, MICHAEL J. ATKUS, and, pursuant to 28 U.S.C. §1441(a)(b)(c) and 28 U.S.C. §1446, remove this cause from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.   In support thereof, the undersigned submits the following:

1.      The action in question, denominated Ronald McIntyre v. William Lyles, Sr., *et al.*, is presently pending in the Circuit Court of Cook County, docket number 2008 L 002383.  A true and accurate copy of the Complaint and process served in connection therewith is attached hereto.

2.      The action in question arises out of the arrest of the Plaintiff on March 2, 2007.

3.      The action in question seeks recovery of damages under 42 U.S.C. §1983 in Counts VI and VII.

4.      This is an action over which the federal courts have original jurisdiction under 28 U.S.C. §1343.

5.      28 U.S.C. §1441 provides for removal of actions arising under the laws of the Constitution of the United States.

6.      This Petition for Removal is timely filed under 28 U.S.C. §1446(b), as it is filed within 30 days of service, the first served Defendant having been served on March 24, 2008.

7.      Removal is sought by all Defendants.

WHEREFORE, the Defendants, WILLIAM LYLES, SR., individually and as agent of THE VILLAGE OF BROADVIEW and THE VILLAGE OF BROADVIEW, individually, pray that this Court exercise jurisdiction over this cause and that this action be removed to this Court and Division.

Respectfully submitted by,

s/ Michael J. Atkus
MICHAEL J. ATKUS, One of the Attorneys for Defendants WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and THE VILLAGE OF BROADVIEW, individually

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, Illinois 60018
Telephone:    847-298-8000
Facsimile:    847-298-8014
E-Mail:       matkus@khkklaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on March 28, 2008, the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System; a copy thereof was filed with the Circuit Court of Cook County, Illinois; and a copy thereof was served upon the following, by depositing same in the U.S. Mail, first-class postage prepaid on the ____28th____ day of _____March_____, 2008:

> Mr. Scott L. Spiegel
> Law Office of Daniel E. Goodman
> 1030 W. Higgins Road
> Suite 220
> Park Ridge, Illinois 60068

> s/ Michael J. Atkus_____
> MICHAEL J. ATKUS, One of the Attorneys for
> Defendants WILLIAM LYLES, SR. and the
> VILLAGE OF BROADVIEW

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, Illinois 60018
Telephone:    847-298-8000
Facsimile:    847-298-8014
E-Mail:    matkus@khkklaw.com

5835 removal petition 08-03-27

STATE OF ILLINOIS )
) SS                                    ATTORNEY NO. 43629
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMETN * LAW DIVISION 2008L002380
CALENDAR/ROOM A
TIME 00:00
Tort - Intentional

RONALD MCINTYRE, )
)
PLAINTIFF, )
)
VS.                            - ) NO.
)
WILLIAM LYLES, SR., individually and as )
agent of VILLAGE OF BROADVIEW, )
UNKNOWN POLICE OFFICER, individually )
and as agent of VILLAGE OF BROADVIEW )
and VILLAGE OF BROADVIEW, individually, )
)
DEFENDANTS. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RONALD MCINTYRE, by and though his attorneys, LAW OFFICE OF DANIEL E. GOODMAN, who complain of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, as follows:

## COUNT I
### INTENTIONAL TORT- BATTERY v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his first cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the village of Broadview, County of Cook, State of Illinois.

2)      That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

3)      That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the

course of, and within the scope of, said employment.

4)      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body with intent to cause harm to the Plaintiff, RONALD MCINTYRE.

5)      That the Defendant's intentional misconduct was without cause or provocation.

6)      That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)      That as a direct and proximate result of the aforementioned intentional and wrongful actions of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT II
### WILLFUL AND WANTON MISCONDUCT v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his second cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)      That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

3)      That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)    That the Defendant's intentional misconduct was without cause or provocation.

6)    That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant, WILLIAM LYLES, SR.

7)    That the Defendant, WILLIAM LYLES, SR. used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

8)    That the Defendant, WILLIAM LYLES, SR. struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff were likely to cause injury to the Plaintiff.

9)    That as a direct and proximate result of the aforementioned willful and wanton actions of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT III
## FALSE ARREST v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his third cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)    That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

3)    That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)     That the Defendant's intentional misconduct was without cause or provocation.

6)     That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR. detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8)     That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9)     That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10)     That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

11)     That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

12)     That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

13)     That as a direct and proximate result of the aforementioned false arrest committed by the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT IV</u>
<u>FALSE IMPRISONMENT v. WILLIAM LYLES, SR., individually and as agent of</u>
<u>VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his fourth cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)    That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

3)    That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)    That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)    That the Defendant's intentional misconduct was without cause or provocation.

6)    That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)    That on the aforementioned date the Defendant, WILLIAM LYLES, SR. detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8)    That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9)    That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10)    That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

11)    That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

12)    That at the time of the aforementioned false imprisonment of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal

offense.

13)     That as a direct and proximate result of the aforementioned false imprisonment committed by the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his fifth cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)     That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

3)     That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)     That the Defendant's intentional misconduct was without cause or provocation.

6)     That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR. detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8) That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9) That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10) That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

11) That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

12) That at the time of the aforementioned false imprisonment of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

13) In being arrested and treated in the aforesaid manner by the Defendant, WILLIAM LYLES, SR., the Plaintiff, RONALD MCINTYRE suffered emotional and physical trauma and injury as he was falsely arrested and falsely imprisoned.

14) The conduct of the Defendant, WILLIAM LYLES, SR., towards the Plaintiff, RONALD MCINTYRE, was excessive, undertaken without legal provocation, in violation of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to Wilson, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

15) At the time of the incident alleged above and prior thereto, the training and supervision of the Defendant, WILLIAM LYLES, SR. in the arrest, treatment and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by the Defendant, WILLIAM LYLES, SR, could not have been accomplished without the participation of other employees of the Broadview Police Department which are proximate cause of the pain and suffering that the Plaintiff, RONALD MCINTYRE, was subjected to and the deprivation of his constitutional rights.

16) The acts and omissions of the Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually constitute extreme and outrageous conduct intended to cause severe emotional distress to the Plaintiff and/or constitute extreme and outrageous conduct with a reckless disregard to the probability of causing severe emotional distress to the Plaintiff.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the

Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT VI
### FALSE ARREST and FALSE IMPRISONMENT (42 U.S.C. Section 1983) v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his sixth cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)     That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

3)     That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)     That the Defendant's intentional misconduct was without cause or provocation.

6)     That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR. detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8)     That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9)     That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10)     That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

11)   That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

12)   That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

13)   The unlawful arrest and subsequent imprisonment of the Plaintiff, RONALD MCINTYRE violated the Fourth and Fourteenth Amendments to the Constitution of the United States.

14)   That as a direct and proximate result of the aforementioned wrongful acts committed by the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT VII
### EXCESSIVE FORCE (42 U.S.C. Section 1983) v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his seventh cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)   That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)   That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

3)   That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)      That the Defendant's intentional misconduct was without cause or provocation.

6)      That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant, WILLIAM LYLES, SR.

7)      That the Defendant, WILLIAM LYLES, SR. used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

8)      That the Defendant, WILLIAM LYLES, SR. struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff were likely to cause injury to the Plaintiff.

9)      The actions of the Defendant, WILLIAM LYLES, SR. detailed above constitute unreasonable, unjustifiable, and excessive force against the Plaintiff RONALD MCINTYRE, thus violating the Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

10)     That as a direct and proximate result of the aforementioned wrongful actions of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT VIII
## INTENTIONAL TORT- BATTERY v. UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his first cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a

location commonly known as 2130 South 18th Street in the village of Broadview, County of Cook, State of Illinois.

2)      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

3)      That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body with intent to cause harm to the Plaintiff, RONALD MCINTYRE.

5)      That the Defendant's intentional misconduct was without cause or provocation.

6)      That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)      That as a direct and proximate result of the aforementioned intentional and wrongful actions of the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT IX
### WILLFUL AND WANTON MISCONDUCT v. UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his second cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

3)    That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)    That the Defendant's intentional misconduct was without cause or provocation.

6)    That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant, UNKNOWN POLICE OFFICER.

7)    That the Defendant, UNKNOWN POLICE OFFICER used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

8)    That the Defendant, UNKNOWN POLICE OFFICER struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff were likely to cause injury to the Plaintiff.

9)    That as a direct and proximate result of the aforementioned willful and wanton actions of the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT X
### FALSE ARREST v. UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his third cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

3)    That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)    That the Defendant's intentional misconduct was without cause or provocation.

6)    That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8)    That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9)    That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10)    That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

11)    That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

12)    That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

13)    That as a direct and proximate result of the aforementioned false arrest committed by the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he

became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT XI
### FALSE IMPRISONMENT v. UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his fourth cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

3)    That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)    That the Defendant's intentional misconduct was without cause or provocation.

6)    That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8)    That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9)    That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10)    That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

11)    That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

12)    That at the time of the aforementioned false imprisonment of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

13)    That as a direct and proximate result of the aforementioned false imprisonment committed by the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT XII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his fifth cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

3)    That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting

in the course of, and within the scope of, said employment.

4)     That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)     That the Defendant's intentional misconduct was without cause or provocation.

6)     That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)     That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8)     That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9)     That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10)    That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

11)    That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

12)    That at the time of the aforementioned false imprisonment of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

13)    In being arrested and treated in the aforesaid manner by the Defendant, UNKNOWN POLICE OFFICER, the Plaintiff, RONALD MCINTYRE suffered emotional and physical trauma and injury as he was falsely arrested and falsely imprisoned.

14)    The conduct of the Defendant, UNKNOWN POLICE OFFICER, towards the Plaintiff, RONALD MCINTYRE, was excessive, undertaken without legal provocation, in violation of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to Wilson, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

15)    At the time of the incident alleged above and prior thereto, the training and supervision of the Defendant, UNKNOWN POLICE OFFICER in the arrest, treatment and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by the Defendant, UNKNOWN POLICE OFFICER, could not have been

accomplished without the participation of other employees of the Broadview Police Department which are proximate cause of the pain and suffering that the Plaintiff, RONALD MCINTYRE, was subjected to and the deprivation of his constitutional rights.

16)    The acts and omissions of the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually constitute extreme and outrageous conduct intended to cause severe emotional distress to the Plaintiff and/or constitute extreme and outrageous conduct with a reckless disregard to the probability of causing severe emotional distress to the Plaintiff.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## COUNT XIII
### FALSE ARREST and FALSE IMPRISONMENT (42 U.S.C. Section 1983) v. UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his sixth cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

3)    That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)    That the Defendant's intentional misconduct was without cause or provocation.

6)    That the Plaintiff did not consent to the aforesaid action of the Defendant.

7)    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER

detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

8)    That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

9)    That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

10)    That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

11)    That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

12)    That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

13)    The unlawful arrest and subsequent imprisonment of the Plaintiff, RONALD MCINTYRE violated the Fourth and Fourteenth Amendments to the Constitution of the United States.

14)    That as a direct and proximate result of the aforementioned wrongful acts committed by the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

**COUNT XIV**
**EXCESSIVE FORCE (42 U.S.C. Section 1983) v. UNKNOWN POLICE OFFICER,**
**individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF**
**BROADVIEW, individually**

For his seventh cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1)      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

2)      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

3)      That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

4)      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

5)      That the Defendant's intentional misconduct was without cause or provocation.

6)      That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant, UNKNOWN POLICE OFFICER.

7)      That the Defendant, UNKNOWN POLICE OFFICER used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

8)      That the Defendant, UNKNOWN POLICE OFFICER struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff were likely to cause injury to the Plaintiff.

9)      The actions of the Defendant, UNKNOWN POLICE OFFICER detailed above constitute unreasonable, unjustifiable, and excessive force against the Plaintiff RONALD MCINTYRE, thus violating the Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

10)      That as a direct and proximate result of the aforementioned wrongful actions of the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he

became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

SCOTT L. SPIEGEL
ATTORNEY FOR PLAINTIFF

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**1030 W. HIGGINS ROAD**
**SUITE #220**
**PARK RIDGE, IL  60068**
**(847) 292-6000**

08CV1796
JUDGE BUCKLO
MAGISTRATE JUDGE DENLOW

2120 - Served  2220 - Not Served    2620 - Sec. of State
2121 - Alias Served  2221 - Alias Not Served  2621 - Alias Sec. of State
Summons (This form replaces CCM 0646, CCM11 0646, CCM11 0651, CCM1D 0648, and CCM1D 0649-2 thru 6)    CCM N649-60M-9/15/06 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
~~1st~~    ~~MUNICIPAL~~ DISTRICT
*LAW*

Name All Parties

Ronald McIntyre

_____
                    Plaintiff(s)
v.

William Lyles, Sr. and Village of Broadview
_____
                    Defendant(s)

See Attached Service List
_____
                Address of Defendant(s)

Case No. _____

Amount Claimed: $ less than $30,000.00 _____

Appearance Filing/Return Date: _____

Status Date:  2008L002380
              CALENDAR/ROOM A

Trial Date:   TIME 00:00
              Tort - Intentional

Time: _____  Room: _____

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required:

1. To file your written appearance by yourself or your attorney and pay the required fee in:

☒ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077      ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on *March 29*, *2008*, between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008    ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____, _____, before 9:00 a.m.

2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day for appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON THE REVERSE SIDE OF THIS FORM.

Atty. No.: 43629 _____
Name: Law Office of Daniel E. Goodman
Atty. for: Plaintiff _____
Address: 1030 West Higgins, Suite 365
City/State/Zip: Park Ridge, Illinois 60068
Telephone: (847) 292-6000

WITNESS, ___FEB 2 9 2008___, _____

_____
DOROTHY BROWN, Circuit Court Clerk

Date of Service: 24 Mar 08 _____
(To be inserted by officer on copy left with Defendant or other person)

| SEE REVERSE SIDE |

** Service by Facsimile Transmission will be accepted at: _____
                                              (Area Code)    (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL COURT FILE

## **SERVICE LIST**

1.  Village of Broadview
    Attn: Patricia Williams, City Clerk
    2350 South 25th Avenue
    Broadview, Illinois 60155

2.  Officer William Lyles, Sr.
    2350 South 25th Avenue
    Broadview, Illinois 60155

2120 - Served   2220 - Not Served     2620 - Sec. of State
2121 - Alias Served   2221 - Alias Not Served   2621 - Alias Sec. of State
**Summons** (This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCM1D 0648, and CCM1D 0649-2 thru 6)     CCM N649-60M-9/15/06 (                )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
~~1st~~     MUNI~~CI~~PAL DISTRICT   *Law*

Name All Parties

Ronald McIntyre
_____
                                          **Plaintiff(s)**
                    v.
_____
William Lyles, Sr. and Village of Broadview
_____
                                          **Defendant(s)**

See Attached Service List
_____
                            **Address of Defendant(s)**

Case No. _____

Amount Claimed: $ less than $30,000.00 ___

Appearance Filing/Return Date: _____

Status Date:   2008L002380
~~CALENDAR/ROOM A~~
Trial Date:   TIME 00:00
Tort - Intentional
Time: _____ Room: _____

## SUMMONS

To each Defendant:

**YOU ARE SUMMONED and required:**

1. To file your written appearance by yourself or your attorney and pay the required fee in:

☒ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077     ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on *March 29, 2008* between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008     ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____, _____, before 9:00 a.m.

2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance.  If service cannot be made, this summons shall be returned so endorsed.

   This summons may not be served later than 3 days before the day for appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON THE REVERSE SIDE OF THIS FORM.

Atty. No.: 43629 _____
Name: Law Office of Daniel E. Goodman
Atty. for: Plaintiff _____
Address: 1030 West Higgins, Suite 365
City/State/Zip: Park Ridge, Illinois 60068
Telephone: (847) 292-6000

WITNESS, _____ FEB 29 2008

_____
DOROTHY BROWN, Circuit Court Clerk

Date of Service: 24 March 08
(To be inserted by officer on copy left with Defendant or other person)

| SEE REVERSE SIDE |

** Service by Facsimile Transmission will be accepted at: _____
                                          (Area Code)      (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
ORIGINAL COURT FILE

### SERVICE LIST

1.  Village of Broadview
    Attn: Patricia Williams, City Clerk
    2350 South 25th Avenue
    Broadview, Illinois 60155

2.  Officer William Lyles, Sr.
    2350 South 25th Avenue
    Broadview, Illinois 60155