90/08-5835.DU

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD MCINTYRE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 08 C 1796** |
| | ) | |
| **v.** | ) | **Hon. Judge Elaine Bucklo** |
| | ) | |
| **WILLIAM LYLES SR., et al.,** | ) | **Magistrate Judge Denlow** |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS LYLES AND VILLAGE OF BROADVIEW'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants, WILLIAM LYLES AND VILLAGE OF BROADVIEW, by and through their

counsel, MICHAEL J. ATKUS, of KNIGHT HOPPE KURNIK & KNIGHT, answer plaintiff's

Complaint and state their affirmative defenses as follows:

### COUNT I
### INTENTIONAL TORT – BATTERY v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his first cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1.     That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.     That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

ADMIT.

3.     That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

ADMIT.

4.     That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body with intent to cause harm to the Plaintiff, RONALD MCINTYRE.

**ANSWER:**

DENY.

5.     That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.     That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.     That as a direct and proximate result of the aforementioned intentional and wrongful actions of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND

DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT II</u>
<u>WILLFUL AND WANTON MISCONDUCT v. WILLIAM LYLES, SR., individually and as</u>
<u>Agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his second cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1.      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

ADMIT.

3.      That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

ADMIT.

4.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant, WILLIAM LYLES, SR.

**ANSWER:**

DENY.

7.      That the Defendant WILLIAM LYLES, SR. used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

**ANSWER:**

DENY.

8.      That the Defendant, WILLIAM LYLES, SR. struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff were likely to cause injury to the Plaintiff.

**ANSWER:**

DENY.

9.      That as a direct and proximate result of the aforementioned willful and wanton actions of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT III</u>
<u>FALSE ARREST v. WILLIAM LYLES, SR., individually and as agent of VILLAGE OF
BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his third cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1.      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

ADMIT.

3.      That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

ADMIT.

4.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant WILLIAM LYLES, SR. detained the Plaintiff RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

ADMIT.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.     That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

11.     That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

ADMIT.

12.     That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY

13.    That as a direct and proximate result of the aforementioned false arrest committed by the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT IV</u>
<u>FALSE IMPRISONMENT v. WILLIAM LYLES, SR., individually and as agent of</u>
<u>VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his fourth cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1.    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.    That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

ADMIT.

3.      That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

ADMIT.

4.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant WILLIAM LYLES, SR. detained the Plaintiff RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

ADMIT.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.     That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

11.     That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

ADMIT.

12.     That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

13.     That as a direct and proximate result of the aforementioned false imprisonment committed by the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT V</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. WILLIAM LYLES, SR.,</u>
<u>individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF</u>
<u>BROADVIEW, individually</u>

For his fifth cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1.    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.    That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

ADMIT.

3.    That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

ADMIT.

4.    That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.    That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant WILLIAM LYLES, SR. detained the Plaintiff RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

ADMIT.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.     That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

11.     That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

ADMIT.

12.     That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

 DENY.

  13. In being arrested and treated in the aforesaid manner by the Defendant, WILLIAM LYLES, SR., the Plaintiff, RONALD MCINTYRE suffered emotional and physical trauma and injury as he was falsely arrested and falsely imprisoned.

**ANSWER:**

 DENY.

  14. The conduct of the Defendant, WILLIAM LYLES, SR., towards the Plaintiff, RONALD MCINTYRE, was excessive, undertaken without legal provocation, in violation of basic and fundamental police procedure, and was taken for purely personal reasons o cause harm to Wilson, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

**ANSWER:**

 DENY.

  15. At the time of the incident alleged above and prior thereto, the training and supervision of the Defendant, WILLIAM LYLES, SR. in the arrest, treatment and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by the Defendant, WILLIAM LYLES, SR., could not have been accomplished without the participation of other employees of the Broadview Police Department which are proximate cause of the pain and suffering that the Plaintiff, RONALD MCINTYRE, was subjected to and the deprivation of his constitutional rights.

**ANSWER:**

 DENY.

  16. The acts and omissions of the Defendant, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually constitute extreme and outrageous conduct intended to cause severe emotional distress to the Plaintiff and/or constitute extreme and outrageous conduct with a reckless disregard to the probability of causing severe emotional distress to the Plaintiff.

**ANSWER:**

 DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

COUNT VI

FALSE ARREST and FALSE IMPRISONMENT (42 U.S.C., Section 1983) v. WILLIAM LYLES, SR., individually and as Agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually

For his sixth cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1.     That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.     That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

ADMIT.

3.     That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

ADMIT.

4.     That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.     That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR. detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

ADMIT.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.      That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

11.      That the Defendant, WILLIAM LYLES, SR., did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

ADMIT.

12.    That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

13.    The unlawful arrest and subsequent imprisonment of the Plaintiff, RONALD MCINTYRE violated the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:**

DENY.

14.    That as a direct and proximate result of the aforementioned wrongful acts committed by the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT VII</u>
<u>EXCESSIVE FORCE (42 U.S.C. Section 1983) v. WILLIAM LYLES, SR., individually and
as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his seventh cause of action against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, states as follows:

1.      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR. was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

ADMIT.

3.      That at all relevant times herein, the Defendant, WILLIAM LYLES, SR., was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

ADMIT.

4.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.    That the Defendant, WILLIAM LYLES, SR. used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

**ANSWER:**

DENY.

8.    That the Defendant, WILLIAM LYLES, SR. struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff was likely to cause injury to the Plaintiff.

**ANSWER:**

DENY.

9.    The actions of the Defendant, WILLIAM LYLES, SR. detailed above constitute unreasonable, unjustifiable, and excessive force against the Plaintiff RONALD MCINTYRE, thus violating the Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

**ANSWER:**

DENY.

10.    That as a direct and proximate result of the aforementioned wrongful actions of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, pursuant to 42 U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT VIII</u>
<u>INTENTIONAL TORT-BATTERY v. UNKNOWN POLICE OFFICER, individually and</u>

<u>As agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

   For his first cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually the Plaintiff, RONALD MCINTYRE, states as follows:

   1.  That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

   DENY.

   2.  That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

   DENY.

   3.  That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

   DENY.

   4.  That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body with intent to cause harm to the Plaintiff, RONALD MCINTYRE.

**ANSWER:**

   DENY.

   5.  That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

   DENY.

   6.  That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That as a direct and proximate result of the aforementioned intentional and wrongful actions of the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.


COUNT IX
WILLFUL AND WANTON MISCONDUCT v. UNKNOWN POLICE OFFICER,
individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF
BROADVIEW, individually

For his second cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually the Plaintiff, RONALD MCINTYRE, states as follows:

1.      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

DENY.

3.      That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

DENY.

4.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant, UNKNOWN POLICE OFFICER.

**ANSWER:**

DENY.

7.      That the Defendant, UNKNOWN POLICE OFFICER used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

**ANSWER:**

DENY.

8.      That the Defendant, UNKNOWN POLICE OFFICER struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff were likely to cause injury to the Plaintiff.

**ANSWER:**

DENY.

9.      That as a direct and proximate result of the aforementioned intentional and wrongful actions of the Defendants, WILLIAM LYLES, SR., individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT X</u>
<u>FALSE ARREST v. UNKNOWN POLICE OFFICER, individually and as agent of</u>
<u>VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his third cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually the Plaintiff, RONALD MCINTYRE, states as follows:

1.      That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

DENY.

3.      That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

DENY.

4.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

DENY.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.     That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

DENY.

11.     That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

12.     That at the time of the aforementioned unlawful arrest of the Plaintiff, RONALD MCINTYRE, the Defendant, UNKNOWN POLICE OFFICER did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

13.     That as a direct and proximate result of the aforementioned false arrest committed by the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT XI</u>
<u>FALSE IMPRISONMENT v. UNKNOWN POLICE OFFICER, individually and as agent of</u>

<u>VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his fourth cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually the Plaintiff, RONALD MCINTYRE, states as follows:

1.       That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

        DENY.

2.       That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

        DENY.

3.       That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

        DENY.

4.       That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

        DENY.

5.       That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

        DENY.

6.       That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

DENY.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.      That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

11.      That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

DENY.

12.      That at the time of the aforementioned false imprisonment of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

13.     That as a direct and proximate result of the aforementioned false imprisonment committed by the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT XII</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS v. WILLIAM LYLES, SR.,</u>
<u>Individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF</u>
<u>BROADVIEW, individually</u>

For his fifth cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually the Plaintiff, RONALD MCINTYRE, states as follows:

1.     That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.     That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

DENY.

3.      That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

DENY.

4.      That on the aforementioned date the Defendant, WILLIAM LYLES, SR., struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

DENY.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.     That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

11.     That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

DENY.

12.     That at the time of the aforementioned false imprisonment of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

13.     In being arrested and treated in the aforesaid manner by the Defendant, UNKNOWN POLICE OFFICER, the Plaintiff, RONALD MCINTYRE suffered emotional and physical trauma and injury as he was falsely arrested and falsely imprisoned.

**ANSWER:**

DENY.

14.     The conduct of the Defendant, UNKNOWN POLICE OFFICER, towards the Plaintiff, RONALD MCINTYRE, was excessive, undertaken without legal provocation, in violation of basic and fundamental police procedure, and was taken for purely personal reasons to cause harm to Wilson, and was grossly offensive and disproportionate to the situation at hand and shocks the conscience.

**ANSWER:**

DENY.

15.    At the time of the incident alleged above and prior thereto, the training and supervision of the Defendant, UNKNOWN POLICE OFFICER in the arrest, treatment and safeguarding of persons was grossly inadequate and non-existent, and the aforementioned acts and/or omissions by the Defendant, UNKNOWN POLICE OFFICER could not have been accomplished without the participation of other employees of the Broadview Police Department which are proximate cause of the pain and suffering that the Plaintiff, RONALD MCINTYRE, was subjected to and the deprivation of his constitutional rights.

**ANSWER:**

DENY.

16.    The acts and omissions of the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually constitute extreme and outrageous conduct intended to cause severe emotional distress to the Plaintiff and/or constitute extreme and outrageous conduct with a reckless disregard to the probability of causing severe emotional distress to the Plaintiff.

**ANSWER:**

DENY.

WHEREFORE, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, in an amount greater than THIRTY THOUSAND DOLLARS ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT XIII</u>
<u>FALSE ARREST and FALSE IMPRISONMENT (42 U.S.C. Section 1983) v. UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually</u>

For his sixth cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually the Plaintiff, RONALD MCINTYRE, states as follows:

1.    That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

DENY.

3.      That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

DENY.

4.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.      That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.      That the Plaintiff did not consent to the aforesaid action of the Defendant.

**ANSWER:**

DENY.

7.      That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER detained the Plaintiff, RONALD MCINTYRE, against his will by using physical force to hold the Plaintiff.

**ANSWER:**

DENY.

8.      That the Plaintiff, RONALD MCINTYRE, was not free to leave the Defendant's custody at the moment that he was detained by the Defendant.

**ANSWER:**

DENY.

9.      That the Plaintiff, RONALD MCINTYRE, had not committed any criminal offense that would have justified his aforementioned detention.

**ANSWER:**

DENY.

10.      That at the time of the aforementioned unlawful detention of the Plaintiff, RONALD MCINTYRE, the Defendant WILLIAM LYLES, SR. did not possess reasonable grounds to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

11.      That the Defendant, UNKNOWN POLICE OFFICER, did not possess any warrants for the Plaintiff at the time of his aforementioned detention.

**ANSWER:**

DENY.

12.      That at the time of the aforementioned false imprisonment of the Plaintiff, RONALD MCINTYRE, the Defendant UNKNOWN POLICE OFFICER did not possess probable cause to believe that the Plaintiff, RONALD MCINTYRE was committing or had committed a criminal offense.

**ANSWER:**

DENY.

13.      The unlawful arrest and subsequent imprisonment of the Plaintiff, RONALD MCINTYRE violated the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:**

DENY.

14.      That as a direct and proximate result of the aforementioned wrongful acts committed by the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a

severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, pursuant to U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than thirty thousand dollars ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

<u>COUNT XIV</u>
<u>EXCESSIVE POLICE FORCE (42 U.S.C. Section 1983) v. UNKNOWN POLICE OFFICER,</u>
<u>individually and as agent of VILLAGE OF BROADVIEW and</u>
<u>VILLAGE OF BROADVIEW, individually</u>

For his seventh cause of action against the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually the Plaintiff, RONALD MCINTYRE, states as follows:

1.     That on March 4, 2007, the Plaintiff, RONALD MCINTYRE was at or near a location commonly known as 2130 South 18th Street in the Village of Broadview, County of Cook, State of Illinois.

**ANSWER:**

DENY.

2.     That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER was a police officer employed by the VILLAGE OF BROADVIEW.

**ANSWER:**

DENY.

3.     That at all relevant times herein, the Defendant, UNKNOWN POLICE OFFICER, was on duty and was an employee of the Defendant, VILLAGE OF BROADVIEW, and was acting in the course of, and within the scope of, said employment.

**ANSWER:**

DENY.

4.    That on the aforementioned date the Defendant, UNKNOWN POLICE OFFICER, struck the Plaintiff, RONALD MCINTYRE, several times about the head and body.

**ANSWER:**

DENY.

5.    That the Defendant's intentional misconduct was without cause or provocation.

**ANSWER:**

DENY.

6.    That the Plaintiff, RONALD MCINTYRE, did not consent to the aforesaid action of the Defendant, UNKNOWN POLICE OFFICER.

**ANSWER:**

DENY.

7.    That the Defendant, UNKNOWN POLICE OFFICER used excessive force in striking the Plaintiff RONALD MCINTYRE, which was greater than necessary to subdue the Plaintiff.

**ANSWER:**

DENY.

8.    That the Defendant, UNKNOWN POLICE OFFICER struck the Plaintiff with the intention to injure the Plaintiff, RONALD MCINTYRE, or should have known that his actions in striking the Plaintiff were likely to cause injury to the Plaintiff.

**ANSWER:**

DENY.

9.    The actions of the Defendant, UNKNOWN POLICE OFFICER detailed above constitute unreasonable, unjustifiable, and excessive force against the Plaintiff RONALD MCINTYRE, thus violating the Plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

**ANSWER:**

DENY.

10.    That as a direct and proximate result of the aforementioned wrongful actions of the Defendants, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, the Plaintiff, RONALD MCINTYRE, was severely and seriously injured, both internally and externally, and suffered a severe shock to his nervous system, and bruises, contusions and lacerations to his face, and he became sick and disabled and suffered, and will in the future suffer great pain, discomfort and physical impairment, and Plaintiff has been caused to incur extensive medical bills and to lose income.

**ANSWER:**

DENY.

WHEREFORE, pursuant to U.S.C. Sections 1983 and 1988, the Plaintiff, RONALD MCINTYRE, prays for judgment against the Defendant, UNKNOWN POLICE OFFICER, individually and as agent of VILLAGE OF BROADVIEW and VILLAGE OF BROADVIEW, individually, for compensatory damages, attorney's fees and punitive damages in an amount greater than thirty thousand dollars ($30,000.00) as will fairly, reasonably and adequately compensate him for his injuries and damages, together with his costs in bringing this suit.

## AFFIRMATIVE DEFENSES

For their affirmative defenses to Plaintiff's Complaint, Defendants WILLIAM LYLES and

the VILLAGE OF BROADVIEW, by and through on of their attorneys, MICHAEL J. ATKUS, of

KNIGHT HOPPE KURNIK & KNIGHT, LTD., state as follows:

## FIRST AFFIRMATIVE DEFENSE

Under the totality of the circumstances, no well-trained police officers would have

concluded the alleged actions, claiming violations of 42 U.S.C. § 1983, deprived Plaintiff of

rights secured by the United States Constitution, therefore, Defendant Lyles remains entitled to

qualified immunity in that his actions were reasonable in light of the circumstances presented.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant herein, with respect to the state claims, Defendant Lyles was acting in execution or enforcement of law within the meaning of 745 ILCS 10/2-202 and as such, can only be liable where conduct can be qualified as willful and wanton.

## THIRD AFFIRMATIVE DEFENSE

At all times relevant herein, with respect to state claims, Defendant, Village of Broadview, is entitled to immunity within the meaning of 745 ILCS 10/2-109, as Defendant Lyles was acting in execution or enforcement of laws, and thus is not liable.

## FOURTH AFFIRMATIVE DEFENSE

With respect to all state claims alleging inadequate training, Defendants state that training involves the exercise of discretion and determination of policy within the meaning of 745 ILCS 10/2-201. Thus, Defendant Lyles is entitled to immunity, and Defendant Village of Broadview is entitled to immunity derivatively through 745 ILCS 10/2-109.

## JURY DEMAND

Defendants WILLIAM LYLES and the VILLAGE OF BROADVIEW demand a trial by jury.

Respectfully Submitted,

s/ Michael J. Atkus_____

Attorney for Defendants William Lyles

And Village of Broadview

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, Illinois 60018
Telephone:    847-298-8000
Facsimile:    847-298-8014
E-Mail:    matkus@khkklaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on May 5, 2008, the foregoing ***Defendants Lyles and Village of Broadview's Answer and Affirmative Defenses*** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System; and a copy thereof was served upon the following, by depositing same in the U.S. Mail, first-class postage prepaid on the _____5th_____ day of _____May_____, 2008:

Mr. Scott L. Spiegel
Law Office of Daniel E. Goodman
1030 W. Higgins Road
Suite 220
Park Ridge, Illinois 60068

s/ Michael J. Atkus_____
MICHAEL J. ATKUS, One of the Attorneys for
**Defendants WILLIAM LYLES, SR. and the**
VILLAGE OF BROADVIEW

KNIGHT HOPPE KURNIK & KNIGHT, LTD.
2860 River Road, Suite 400
Des Plaines, Illinois 60018
Telephone:    847-298-8000
Facsimile:    847-298-8014

E-Mail:        matkus@khkklaw.com

5835 Ansr & Aff Def. 08-05-05